# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0010, <u>State of New Hampshire v. Sarah Fitton</u>, the court on May 13, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Sarah Fitton, appeals her conviction, following a jury trial, of being a felon in possession of a deadly weapon. <u>See</u> RSA 159:3, I (2023). She argues that the Superior Court (<u>Delker</u>, J.) erred in admitting a video from a police officer's body worn camera and that the evidence was insufficient to support the conviction. We affirm.

We review a trial court's decision to admit evidence for an unsustainable exercise of discretion. <u>State v. Furgal</u>, 164 N.H. 430, 438 (2012). To show an unsustainable exercise of discretion, the defendant must demonstrate that the trial court's ruling was clearly untenable or unreasonable to the prejudice of her case. <u>Id</u>. We review the record to determine whether it provides an objective basis sufficient to sustain the trial court's decision. <u>Id</u>.

We first address the defendant's argument that the video of Officer Arnold's body worn camera was not sufficiently authenticated. "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." <u>N.H. R. Ev.</u> 901(a). "The bar for authentication of evidence is not particularly high." <u>State v. Ruggiero</u>, 163 N.H. 129, 136 (2011) (quotation omitted). "The proof necessary to connect an evidentiary exhibit to a defendant may be made by circumstantial evidence." <u>Id</u>. (quotation omitted). "The proponent need not rule out all possibilities inconsistent with authenticity, or to prove beyond any doubt that the evidence is what it purports to be." <u>Id</u>. (quotation omitted). "Once the evidence is admitted, the rest is up to the jury." <u>Id</u>. (quotation omitted).

The defendant argues that the testimony of Officer Campbell, the only witness to testify at trial, was insufficient to authenticate the video from Arnold's body worn camera because Campbell was not present at the scene when Arnold was speaking with the woman in the video. We disagree. Although Campbell was not present for the entire time Arnold was at the scene, Campbell testified that he arrived at the scene when the persons shown in the video were still present. We conclude that this testimony was sufficient to authenticate the video. <u>See</u> <u>State v. Ruggiero</u>, 163 N.H. at 136.

We next address the defendant's argument that the court erred in admitting the video as a statement of the defendant. The defendant argues that the court erred because Campbell was unable to identify the defendant in the courtroom as the woman in the video. However, the woman in the video identifies herself as "Sarah Fitton" and gives her date of birth. Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion in admitting the video as a statement of the defendant. See State v. Furgal, 164 N.H. at 438.

Finally, we address the defendant's argument that the evidence was insufficient to identify her as the person who committed the crime. To prevail upon a challenge to the sufficiency of the evidence, the defendant must demonstrate that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt. State v. Butler, 175 N.H. 444, 447 (2022).

The defendant argues that there was insufficient proof of her identity because Campbell did not identify her in court, and the video proved only that she and the woman in the video share the same name. However, a juror could compare the woman in the video, who identifies herself as "Sara Fitton," with the defendant, who appeared in the courtroom, and reasonably conclude beyond a reasonable doubt that the defendant was the woman in the video. Accordingly, we conclude that the evidence was sufficient to support the conviction. See id.

Affirmed.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**